**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| General Electric Capital Corporation, | ) | **ORDER GRANTING** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| Plaintiff, | ) | **PRELIMINARY INJUNCTION** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:14-cv-150 |
| Deer Valley Trucking, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Plaintiff's motion for a preliminary injunction filed on November 24, 2014. See Docket No. 5. On November 24, 2014, the Court granted the Plaintiff's motion for an *ex parte* temporary restraining order. See Docket No. 10. The temporary restraining order prohibited the Defendant from moving, sequestering, or using the collateral securing the loans, which consists of highly mobile tanker-trailers, until further order of the Court. As required by Rule 65(b) of the Federal Rules of Civil Procedure, a hearing was held on December 9, 2014, to address whether to dissolve the temporary restraining order or grant a preliminary injunction. Fed. R. Civ. P. 65(b)(2)-(3). The Defendant, despite having been served with notice of the hearing, did not appear at the hearing and has never responded to the Plaintiff's motion for a preliminary injunction. For the reasons set forth below, the Court grants the Plaintiff's motion for a preliminary injunction.

## I.    BACKGROUND

The Plaintiff, General Electric Capital Corporation ("GE Capital"), is a corporation organized and existing under the laws of the State of Delaware, with its principal office located in Connecticut.

The Defendant, Deer Valley Trucking, Inc. ("Deer Valley"), is a corporation organized under the laws of Idaho, and has its principal place of business in Idaho Falls, Idaho.

GE Capital alleges that on or about April 27, 2012, Deer Valley executed a Promissory Note in favor of GE Capital in the original principal amount of $2,300,340.  In order to secure the indebtedness due under the Promissory Note, GE Capital and Deer Valley entered into a Master Security Agreement pursuant to which Deer Valley granted GE Capital a security interest in certain collateral identified in a Collateral Schedule.  See Docket Nos. 1-1 and 1-3.  On or about December 20, 2012, GE Capital gave Deer Valley notice of default.  See Docket No. 1-4.   Thereafter, on or about February 28, 2013, GE Capital, Deer Valley, and others entered into a forbearance and debt restructure agreement ("First Forbearance Agreement").  See Docket No. 1-5.  On June 15, 2013, the loan was further modified in accordance with the terms of a second forbearance and debt restructure agreement ("Second Forbearance Agreement").  See Docket No. 1-6.  GE Capital contends Deer Valley is in default under the Promissory Note, the Master Security Agreement, the Collateral Schedule, the First Forbearance Agreement, and the Second Forbearance Agreement (collectively, the "Loan Documents") as a result of, inter alia, its failure to make payments when due thereunder.  As a result, GE Capital has accelerated Deer Valley's obligations under the Loan Documents and they are immediately due and payable.

On November 20, 2014, GE Capital filed its complaint in this Court. See Docket No. 1. The complaint makes claims for injunctive relief, specific performance, claim and delivery, and breach of contract.  On November 24, 2014, GE Capital filed a "Motion for Injunctive Relief," including a request for an *ex parte* temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure.  See Docket No. 5.

On November 24, 2014, the Court issued an order granting a temporary restraining order ex parte ("TRO").  See Docket No. 10.  The TRO temporarily restrained and enjoined Deer Valley from moving, sequestering, or using the collateral identified in the order ("Remaining Collateral").  See

Docket No. 10, pp. 9-11.  The TRO also set a hearing for 4:00 p.m. on December 9, 2014, to determine whether the TRO should become a preliminary injunction or whether the TRO should be dissolved.

On December 9, 2014, a hearing was held before the Court.  Deer Valley did not attend the hearing or request to appear telephonically.  GE Capital was represented by counsel.  In support of its request for a preliminary injunction, GE Capital relied upon the pleadings and affidavits previously submitted to  the Court.  In addition it presented an additional affidavit from Quinn P. Fylling, in support of its motion for preliminary injunction.  See Docket No. 15.

The record demonstrates GE Capital has served Deer Valley with the TRO, the motion for injunctive relief, and the documents in support of injunctive relief.  See Docket Nos. 8, 9, 12, and 15.  GE Capital contends that is has requested Deer Valley to identify the location of the collateral, so it may inspect the collateral.  See Docket No. 15.  GE Capital claims that Deer Valley has refused or failed to disclose the location of the collateral or allow for inspection.  Id.  Also, GE Capital claims it has received inconsistent information concerning the collateral from Deer Valley.  Id.


II.     **LEGAL DISCUSSION**

GE Capital seeks a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure.  The primary purpose of a preliminary injunction is to preserve the status quo until a court can grant full, effective relief upon a final hearing.  Ferry-Morse Seed Co. v. Food Corn, Inc., 729 F.2d 589, 593 (8th Cir. 1984).  A preliminary injunction is an extraordinary remedy, with the burden of establishing the necessity of a preliminary injunction placed on the movant.  Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003); Baker Elec. Coop., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737

(8th Cir. 1989). The court determines whether the movant has met its burden of proof by weighing the factors set forth in Dataphase Systems, Inc., v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981). The *Dataphase* factors include "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id. "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Baker Elec. Coop., Inc., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987)); see CDI Energy Servs., Inc. v. W. River Pumps, Inc., 567 F.3d 398, 401-03 (8th Cir. 2009).

## A.     PROBABILITY OF SUCCESS ON THE MERITS

When evaluating a movant's "likelihood of success on the merits," the court should "flexibly weigh the case's particular circumstances to determine 'whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.'" Calvin Klein Cosmetics Corp., 815 F.2d at 503 (quoting Dataphase, 640 F.2d at 113). At this preliminary stage, the Court need not decide whether the party seeking the temporary restraining order will ultimately prevail. PCTV Gold, Inc. v. SpeedNet, LLC, 508 F.3d 1137, 1143 (8th Cir. 2007). Although a temporary restraining order cannot be issued if the movant has no chance on the merits, "the Eighth Circuit has rejected a requirement as to a 'party seeking preliminary relief prove a greater than fifty per cent likelihood that he will prevail on the merits.'" Id. (quoting Dataphase, 640 F.2d at 113). The Eighth Circuit has also held that of the four factors to be considered by the district court in considering preliminary injunctive relief, the likelihood of

4

success on the merits is "most significant." S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

The Court must consider the substantive claims in determining whether GE Capital has a likelihood of success on the merits. GE Capital alleges four causes of action against the Deer Valley, including: injunctive relief, specific performance, claim and delivery, and breach of contract. See Docket No. 1. A likelihood of success on the merits of even one claim can be sufficient to satisfy the "likelihood of success" *Dataphase* factor. See Nokota Horse Conservancy, Inc. v. Bernhardt, 666 F. Supp. 2d 1073, 1078-80 (D.N.D. 2009).

The Court finds GE Capital has a strong likelihood of success on its claims against Deer Valley. Based on the record before the Court, it appears Deer Valley is in default on its loan obligations. The failure to make required payments under a loan agreement constitutes a breach of contract. The record further reveals GE Capital possesses a security interest in the Remaining Collateral which entitles it to immediate possession. The harm suffered by GE Capital is apparent as the outstanding loan balance is $677,686.

As the Court has found a strong likelihood of success on GE Capital's claims for breach of contract and claim and delivery, no further analysis is necessary at this point. See Nokota Horse Conservancy, 666 F. Supp. 2d at 1078-80 (finding sufficient likelihood of success on the merits of one claim, without a need to undertake extensive review of other claims). The Court finds GE Capital has shown the "success on the merits" *Dataphase* factor weighs in favor of the issuance of a preliminary injunction.

### B.   IRREPARABLE HARM

GE Capital must establish there is a threat of irreparable harm if injunctive relief is not

granted, and that such harm is not compensable by an award of money damages. Doe v. LaDue, 514 F. Supp. 2d 1131, 1135 (D. Minn. 2007) (citing Northland Ins. Co. v. Blaylock, 115 F. Supp. 2d 1108, 1116 (D. Minn. 2000)). "The 'mere possibility' that harm may occur before a trial on the merits is not enough." Johnson v. Bd. of Police Comm'rs, 351 F. Supp. 2d 929, 945 (E. D. Mo. 2004). The party that seeks a temporary restraining order must show that a significant risk of harm exists. Doe, 514 F. Supp. 2d at 1135 (citing Johnson, 351 F. Supp. 2d at 945). The absence of such a showing is sufficient grounds to deny injunctive relief. Id. (citing Gelco v. Coniston Partners, 811 F.2d 414, 420 (8th Cir. 1987)).

GE Capital contends it will suffer irreparable injury if Deer Valley continues to use the remaining collateral. Given the potential for depreciation and deterioration of the remaining collateral which will occur with continued use, other legal and equitable remedies are inadequate. The remaining collateral is highly mobile and is capable of being moved throughout the country. GE Capital points out that if Deer Valley does not have the ability to make its loan payments now, it is unlikely it will have the ability to satisfy a money judgment later. Presumably, if Deer Valley had the ability to pay, it would not be in default. Numerous district courts in the Eighth Circuit, including this Court, have recognized it is appropriate to issue a preliminary injunction to maintain the *status quo* where there is a threat of asset dissipation. See Meccatech, Inc. v. Kiser, 2008 WL 934366 (D. Neb. April 1, 2008); W. Onion Sales, Inc. v. KIDCO Farms Processing, Inc., 2006 WL 2604821 (D.N.D. Sept. 8, 2006); Barrett v. Reynolds, 2012 WL 5569755 (D. Neb. Nov. 15, 2012). The affidavits and supporting documents filed by GE Capital support a reasonable inference of a threat of asset dissipation. See Docket Nos. 3 and 7.

The Court finds the threat of Deer Valley implementing methods to conceal or dispose of the remaining collateral is real and poses a significant threat of irreparable harm to GE Capital.

Further, the Eighth Circuit has explained that a district court can presume irreparable harm if the movant is likely to succeed on the merits. Calvin Klein Cosmetics Corp., 815 F.2d at 505 (citing Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc., 633 F.2d 746, 753 (8th Cir. 1980)). As GE Capital has demonstrated the threat of irreparable harm and a likelihood of success on the merits, the Court finds this *Dataphase* factor weighs in favor of the issuance of a preliminary injunction.

## C.     BALANCE OF HARM

As outlined above, GE Capital has demonstrated the threat of irreparable harm. The balance of harm factor requires consideration of the balance between the harm to the movant and the injury the injunction's issuance would inflict on other interested parties. Pottgen v. Mo. State High Sch. Activities Ass'n, 40 F.3d 926, 929 (8th Cir. 1994). While the irreparable harm factor focuses on the harm or potential harm to the plaintiff, the balance of harm factor analysis examines the harm to all parties to the dispute and other interested parties, including the public. Dataphase, 640 F.2d at 114; Glenwood Bridge, Inc. v. City of Minneapolis, 940 F.2d 367, 372 (8th Cir. 1991).

GE Capital has clearly shown that if a preliminary injunction is not issued, GE Capital would be unable to mitigate its losses and the remaining collateral would continue to depreciate and deteriorate. If a preliminary injunction is not issued, GE Capital would suffer significant harm, as the remaining collateral may be its only means of recovery from Deer Valley.

The Court must also look to the likely harm to Deer Valley if a preliminary injunction is issued. If preliminary injunctive relief is granted, Deer Valley would be prohibited from using the tank-trailers in its business. This may cause Deer Valley some degree of business interruption. However, this situation was bargained for in the Loan Documents and should come as no surprise to Deer Valley given its default. Deer Valley failed to appear at the hearing that was held. GE

7

Capital represented to the Court at the hearing that Deer Valley is no longer operating its business. Given the potential for GE Capital to lose what is likely its only source of compensation and thus suffer significant harm, the Court finds the "balance of harm" *Dataphase* factor weighs in favor of issuance of a preliminary injunction.

### D. PUBLIC INTEREST

The public has an interest in ensuring that defendants do not fraudulently or otherwise transfer assets during litigation to circumvent recovery by a wronged plaintiff. MeccaTech, Inc., 2008 WL 934366 at *4. In addition, the public has an interest in protecting the orderly enforcement of loan obligations and the right to contract. The Court finds this *Dataphase* factor weighs in favor of the issuance of a preliminary injunction. After a careful review of the entire record and the *Dataphase* factors, the Court finds GE Capital has met its burden under Rule 65(a) of establishing the necessity of a preliminary injunction.

### III. CONCLUSION

The Court has carefully reviewed the entire record and the *Dataphase* factors and finds GE Capital has met its burden under Rule 65(a) of establishing the necessity of a preliminary injunction. The Court **GRANTS** the motion for a preliminary injunction (Docket No. 5). As a result, the Defendant, Deer Valley Trucking, Inc., is **RESTRAINED AND ENJOINED** from moving, sequestering, or using of the collateral set forth below until the resolution of this action. In addition, Deer Valley must immediately disclose the address or location of each piece of collateral to GE Capital or its counsel, and allow GE Capital to inspect the collateral to ensure compliance with the Court's order. The collateral subject to the preliminary injunction includes the following:

|  | Description | Year | Model | Serial Number/VIN |
|---|---|---|---|---|
| 1) | TANK TRAILER | 2012 | 130VR | 4C9AA42201A158236 |
| 2) | TANK TRAILER | 2012 | 130VR | 4C9AA42272A158817 |
| 3) | TANK TRAILER | 2012 | 130VR | 4C9AA42202A158819 |
| 4) | TANK TRAILER | 2012 | 130VR | 4C9AA42262A158825 |
| 5) | TANK TRAILER | 2012 | 130VR | 4C9AA42292A158818 |
| 6) | TANK TRAILER | 2012 | 130VR | 4C9AA42262A158243 |
| 7) | TANK TRAILER | 2012 | 130VR | 4C9AA42232A158815 |
| 8) | TANK TRAILER | 2012 | lSOVR | 4C9AA42232A158247 |
| 9) | TANK TRAILER | 2012 | 130VR | 4C9AA42252A158816 |
| 10) | TANK TRAILER | 2012 | 130VR | 4C9AA42232A158829 |
| 11) | TANK TRAILER | 2012 | VT165 | 4C9AA48302A158870 |
| 12) | TANK TRAILER | 2012 | VT165 | 4C9AA48312A158814 |
| 13) | TANK TRAILER | 2012 | VT165 | 4C9AA483X2A158813 |
| 14) | TANK TRAILER | 2012 | VT165 | 4C9AA48312A158876 |
| 15) | TANK TRAILER | 2012 | VT165 | 4C9AA48382A158812 |
| 16) | TANK TRAILER | 2012 | VT165 | 4C9AA48382A158874 |
| 17) | TANK TRAILER | 2012 | VT165 | 4C9AA48322A158871 |
| 18) | TANK TRAILER | 2012 | VT165 | 4C9AA48342A158872 |
| 19) | TANK TRAILER | 2012 | VT165 | 4C9AA48362A158873 |
| 20) | TANK TRAILER | 2012 | VT165 | 4C9AA483X2A158875 |
| 21) | TANK TRAILER | 2012 | VT165 | 4C9AA48362A158842 |
| 22) | TANK TRAILER | 2012 | VT165 | 4C9AA48322A158451 |
| 23) | TANK TRAILER | 2012 | VT165 | 4C9AA48382A158454 |
| 24) | TANK TRAILER | 2012 | VT165 | 4C9AA48322A158840 |
| 25) | TANK TRAILER | 2012 | VT165 | 4C9AA48342A158452 |
| 26) | TANK TRAILER | 2012 | VT165 | 4C9AA48342A158841 |
| 27) | TANK TRAILER | 2012 | VT165 | 4C9AA48302A158450 |
| 28) | TANK TRAILER | 2012 | VT165 | 4C9AA48352A158878 |
| 29) | TANK TRAILER | 2012 | VT165 | 4C9AA48332A158877 |

| 30) | TANK TRAILER | 2012 | VT165 | 4C9AA48362A158453 |
|---|---|---|---|---|
| 31) | TANK TRAILER | 2012 | VT165 | 4C9AA48332A158846 |
| 32) | TANK TRAILER | 2012 | VT165 | 4C9AA48312A158845 |
| 33) | TANK TRAILER | 2012 | VT165 | 4C9AA483X2A158844 |
| 34) | TANK TRAILER | 2012 | VT165 | 4C9AA48382A158843 |
| 35) | TANK TRAILER | 2012 | VT165 | 4C9AA483X2A158455 |
| 36) | TANK TRAILER | 2012 | VT165 | 4C9AA48312A158456 |
| 37) | TANK TRAILER | 2012 | VT165 | 4C9AA48332A158457 |
| 38) | TANK TRAILER | 2012 | VT165 | 4C9AA48352A158458 |
| 39) | TANK TRAILER | 2012 | VT165 | 4C9AA48372A158459 |
| 40) | TANK TRAILER | 2012 | VT165 | 4C9AA48312A158473 |
| 41) | TANK TRAILER | 2012 | VT165 | 4C9AA483X2A158469 |
| 42) | TANK TRAILER | 2012 | VT165 | 4C9AA48382A158485 |
| 43) | TANK TRAILER | 2012 | VT165 | 4C9AA48382A158468 |
| 44) | TANK TRAILER | 2012 | VT165 | 4C9AA48302A158478 |
| 45) | TANK TRAILER | 2012 | VT165 | 4C9AA48322A158479 |
| 46) | TANK TRAILER | 2012 | VT165 | 4C9AA48302A158481 |
| 47) | TANK TRAILER | 2012 | VT165 | 4C9AA48362A158484 |
| 48) | TANK TRAILER | 2012 | VT165 | 4C9AA48342A158483 |
| 49) | TANK TRAILER | 2012 | lSOVR | 4C9AA42272A158249 |
| 50) | TANK TRAILER | 2012 | VT165 | 4C9AA48322A158482 |

In addition, the Court **ORDERS** the following:

1)      The preliminary injunction will become effective when the Plaintiff serves the order on the Defendant.  The Plaintiff shall arrange for the immediate service of this order together with the affidavit submitted to the Court at the hearing on December 9, 2014 (Docket No. 15).

2)      No bond shall be required to be posted by the Plaintiff before the preliminary injunction is effective.

**IT IS SO ORDERED**.

Dated this 15th day of December, 2014.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court